IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Sherman Harley, ) | |
| ) | C/A No. 1:11-264-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| TBC Retail Group, Inc. (fka Tire ) | |
| Kingdom, Inc.), Jami Williams, and ) | |
| Thomas Henry Wyndham, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Sherman Harley filed this action in the Court of Common Pleas for Allendale County, South Carolina, on December 22, 2010. Plaintiff alleges that Defendants Jami Williams and Thomas Henry Wyndham wrongfully implicated him in two robberies of Defendant TBC Retail Group, Inc.'s store in North Augusta, South Carolina (hereinafter "Tire Kingdom Store"). Plaintiff asserts causes of action for malicious prosecution, negligence, and civil conspiracy. Defendants removed the action on the basis of diversity and federal question jurisdiction on February 2, 2011. See 28 U.S.C. §§ 1331, 1332, 1441, 1446.

This matter is before the court on Plaintiff's motion to remand, which motion was filed March 3, 2011. Defendants filed a memorandum in opposition on March 31, 2011, to which Plaintiff filed a reply on April 11, 2011.

I. FACTS

Plaintiff alleges that on or about December 10, 2006, he entered the Tire Kingdom Store for the purpose of purchasing tires. Defendant Williams was the store manager and Defendant

Wyndham was employed at the Store. According to Plaintiff, Defendant Williams was helping him choose tires for his vehicle in the back of the store when someone stole money from the cash register. Compl. ¶ 7, ECF No. 1-1. Defendant Williams discovered the loss when she returned to the cash register to calculate Plaintiff's purchase. Plaintiff paid for his tires and left the store. Id. Plaintiff alleges that Defendant Williams then contacted the North Augusta Department of Public Safety (NADPS) to report the missing money and reported that a black male that was traveling with Plaintiff had stole the money. Id. Plaintiff subsequently was detained by authorities, but released when no connection was found between him and the unknown black male. Id. ¶ 8.

Plaintiff alleges that on or about December 22, 2006, two black males entered the Tire Kingdom Store, held Defendant Williams at gunpoint, and robbed the store. Id. ¶ 9. Defendant Williams reported the robbery to NADPS and claimed to recognize one of the individuals as being the same person who purportedly had been traveling with Plaintiff on December 10, 2006. Plaintiff alleges that at some point Defendant Williams claimed that Plaintiff was one of the armed robbers. Id. ¶ 10. Consequently, an arrest warrant was issued. Plaintiff was arrested on or about January 15, 2008 by the Allendale County Sheriff's Department and detained for approximately seven days in the Allendale County Detention Center. Plaintiff alleges that he then was transported to the Aiken County Detention Center where he was held for the balance of approximately forty-five days. Id. ¶¶ 11-12. Plaintiff alleges that shortly after his arrest, Defendant Williams gave a statement to law enforcement officials implicating him in both robberies. In addition, Defendant Wyndham gave a statement implicating Plaintiff in the December 10, 2006 robbery. Id. ¶ 13. Based on this information, Plaintiff was indicted for armed robbery by the Aiken County Grand Jury on March 30, 2008. On or about December 9, 2008, the indictment was nolle prossed on the grounds that the

solicitor found the case to lack prosecutorial merit. Id. ¶¶ 14-15. Plaintiff alleges that Defendants Williams and Wyndham knew or should have known that Plaintiff was not the perpetrator of the crime and that they created false statements to make it appear that Plaintiff was guilty of stealing or conspiring to steal money from the Tire Kingdom Store. Id. ¶ 16.

## II.  DISCUSSION

The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Because removal jurisdiction raises significant federalism concerns, the court must construe removal jurisdiction strictly. *Id*. (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). When federal jurisdiction is doubtful, a remand is necessary. *Id.*

Defendants removed on both the grounds of federal question jurisdiction and diversity jurisdiction. The court will address each ground in turn.

A.     Federal Question Jurisdiction

Title 28, United States Code, Section 1331 provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants assert that the court has federal question jurisdiction because Plaintiff alleges that Defendants "conspired with each other and with Officer Timothy Thorton of the North Augusta Department of Public Safety to deprive Plaintiff of his civil rights, restrain, imprison, and assault him by wrongfully accusing him of committing any crime." See Not. of Removal ¶ 13, ECF No. 1; Compl. ¶ 28, ECF No. 1-1. According to Defendants, the nexus alleged between Officer Thorton and Defendants to conspire to violate Plaintiff's federally protected rights constitutes a federal

question cognizable under 42 U.S.C. § 1983. The court disagrees.

Under the well-pleaded complaint rule, federal question jurisdiction exists only when a federal question appears on the face of plaintiff's complaint. *N. Jefferson Sq. Assoc. v. Va. Housing Dev. Auth.*, 32 F. App'x 684, 687 (4th Cir. 2002) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 153 (1908)). A plaintiff may avoid federal jurisdiction by relying exclusively on state law. *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th Cir. 1998) (quoting *Childers v. Chesapeake & Potomac Tel. Co.*, 881 F.2d 1259, 1261 (4th Cir. 1989)).

Where state, rather than federal, law creates the cause of action, federal question jurisdiction depends on whether the plaintiff's demand necessarily depends on resolution of a substantial question of federal law. *N. Jefferson Sq.*, 32 F. App'x at 687 (quoting *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir.1994)). The "substantial question of federal law" doctrine is based upon "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods. v. Darue Eng. & Mfg.,* 545 U.S. 308, 312 (2005). A defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). If either of these two elements is lacking, removal is improper and the case should be remanded to state court. *Id.*

In this case, Plaintiff alleges the tort of civil conspiracy, which has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing the

4

plaintiff special damage. *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) (citing *Vaught v. Waites*, 387 S.E.2d 91, 95 (S.C. Ct. App. 1989)). As Plaintiff correctly notes, his right to recover is not dependent on § 1983. Defendants Williams and Wyndham are not state actors and could be liable if a factfinder were to conclude that they conspired with each other to cause harm to Plaintiff. If a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 153 (4th Cir. 1994) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 811 (1988)). The court concludes that it lacks federal question jurisdiction.

B.    <u>Diversity Jurisdiction</u>

Plaintiff is a citizen and resident of South Carolina. Compl. ¶ 1, ECF No. 1-1. Defendant TBC Retail Group is a corporation organized and existing under the laws of a state other than South Carolina. *Id.* ¶ 2. Defendant Williams is a citizen and resident of a state other than South Carolina. *Id.* ¶ 3. Defendant Wyndham is a citizen and resident of South Carolina. *Id.* ¶ 4. Defendants assert that Defendant Wyndham is a sham defendant who should be disregarded for purposes of diversity jurisdiction. The court disagrees.

Complete diversity requires that in any action removed to federal court, "no party share[] common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457 461 (4th Cir. 1999) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); 28 U.S.C. § 1332(a). The fraudulent joinder doctrine permits a defendant to remove a case to federal court despite the presence of another non-diverse defendant. *Id*. To establish fraudulent joinder, the removing party must show either: "'(1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no

possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 654 (D.S.C. 2006) (quoting *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). The standard for analyzing fraudulent joinder is even more favorable to a plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hartley*, 187 F.3d at 424. A plaintiff does not have to show he will prevail against the defendant; he must only show that he has a "slight possibility" of succeeding. *Id.* at 426. If plaintiff can show this "glimmer of hope," the defendant is properly joined. *Id.*

According to Defendants, Defendant Wyndham has no real connection to the within action because Defendant Wyndham was not present at the Tire Kingdom Store when the armed robbery occurred on December 22, 2006. Defendants point out that Defendant Wyndham provided a written statement only with respect to the alleged theft that took place on December 10, 2006. Construed in favor of Plaintiff, however, the facts support a finding that Defendant Wyndham's statement corroborated Defendant Williams' contention that Plaintiff was involved in the armed robbery on December 23, 2006.

"'[T]o maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage.'" *Law v. S.C. Dep't of Corr.*, 629 S.E.2d 642, 648 (S.C. 2006) (citing cases). The court cannot say that Plaintiff lacks a "glimmer of hope" of succeeding in such a claim against Defendant Wyndham. The court concludes that it lacks diversity jurisdiction.

### III.  CONCLUSION

For the reasons stated, Plaintiff's motion to remand (Entry 12)  is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br>United States District Judge

Columbia, South Carolina

August 19, 2011.